WILLIAM ROBERTSON, trustee, &c., vs. THE AGRICULTURAL BANK.

Where the presentation of claims against an insolvent estate was contested and no objection raised at the time as to the sufficiency of the notice given to the creditors prescribing the time within which claims are to be presented against the estate: *Held*, that the time having been extended by the court and by their appearance under the notice as claimants, the creditors must be considered as waiving any objection on the ground of irregularity.

The charter of the Agricultural Bank having been taken away by forfeiture, the judgment upon which the claim of the bank was founded, was revived in the name of E. P., trustee of the bank. *Held*, that it showed that the party claiming it was capable in law of asserting it, and for all substantial purposes it must be regarded as the claim of E. P., trustee of the bank.

ON appeal from the probate court of Hinds county; Hon.

Amos R. Johnston, judge of the probate court of Hinds county.

On the 14th of May, 1849, the executors of Perry Cohea reported the estate insolvent, and on that day the court made a decree of insolvency, and referred the estate to the clerk as general commissioner of insolvency, requiring him to make publications for six months in the Raymond Gazette, citing all persons having claims against the estate to present them on or before the third Monday of November, 1849, or that they would be barred. Accordingly the commissioner published in said paper requiring all claims to be presented on or before the third Monday of November, 1849, or that they would be barred. During that time sundry claims were presented, and among them that of the Agricultural Bank. But the claims of Robertson, trustee of Lane, were not presented during that time. At the December term, 1849, the following order was made : " On application this day made, It is ordered by the court that the time for presenting claims to the commissioner of insolvency be extended till the second Monday of January, 1850." The second Monday of January, 1850, was on the 14th day of January. Robertson and Lane presented their claims on the 15th day of January, 1850. At the April term, 1850, the commissioner reported, allowing the claims of all three, Robertson, Lane, and the Agricultural Bank; whereupon it was ordered, that said report be received and filed, and that the commissioner make publication for four weeks in the Hinds County Gazette, citing all persons interested to examine said report on or before the second Monday of May, 1850, at which time it will be confirmed and recorded finally unless exceptions are made thereto. That publication was accordingly made. At the May term, 1850, the Agricultural Bank filed exceptions to sundry claims, among which were the claims of Robertson and Lane, one of which was that the claims were barred before they were presented, because the time of presentment had expired previously thereto. But the court, instead of hearing the exceptions at that term, required the Agricultural Bank to take out citation against the creditors whose claims she excepted to, returnable to the June term, 1850, which was done and citation served accord-

ingly, requiring them at that term to show cause why said exceptions should not be sustained. At the June term, 1850, Robertson and Lane appeared, and not only made their defence against the exceptions aforesaid, but also tendered their exceptions to the claim of the Agricultural Bank, which the court refused to consider. The parties went to trial on the exceptions of the Agricultural Bank, and the court sustained and ordered the commissioner to amend his report accordingly, which was done, and the amended report was confirmed by the court and recorded.

Both Robertson and Lane prayed an appeal to this court from the decision of the probate court.

*Potter*, for appellant.

Upon the power of the probate court to extend the time of presenting claims against the estates of deceased persons, and when the court is precluded from acting. 5 S. & M. 588; Ib. 394; 4 Ib. 86; 11 Ib. 344; 7 Ib. 320; 1 Ib. 320; 2 Ib. 287. The statute expressly allows an extension of time beyond the six months. Hutch. Code, 683, § 5; Ib. 667, § 103; Ib. 603, § 5.

No notice was posted as the law required. Hutch. Code, 663, § 5. The months named in the order must be taken as calendar months. *Hunt* v. *Holden*, 2 Mass. 170; *Williamson* v. *Farrow*, 1 Bailey, 611; *Cone* v. *Chambre*, 4 Dall. 143; *Ryle* v. *Maulding*, 7 J. J. Marsh. 202; *Parsons* v. *Chamberlain*, 4 Wend. 512; *Kimball* v. *Lamson*, 2 Vt. 138; *Strong* v. *Brichard*, 5 Conn. 357. The rejection may avail the creditor who caused it, but not the executors who did not object. The surplus is still liable. Hutch. Code, 668. The court erred in not entertaining and sustaining one exception to the claim of Agricultural Bank, and if this be a mistake, it is plain that the report is erroneous in this respect, and objection may be taken here, and report set aside as to that claim. *Reed* v. *Wiley*, 5 S. & M. 394.

*Burwell*, on the same side.

*D. Mayes*, for Cohea's heirs.

*D. Shelton*, for appellee,

In reply, contended there was no error in the decision of the court below in rejecting the claims. The court below did not err in refusing to let exceptions be filed to the report at the June term, 1850. 1 S. & M. 321; Ib. 510; 4 Ib. 86; 5 Ib. 578; 11 Ib. 344. An appellate court will not hear objections if not raised in the court below upon the trial of the cause, or at some time during the continuance of the case there. 16 Johns. 348; 18 Ib. 558; 13 Ib. 562; 6 Ib. 542; 12 S. & M. 575.

*T. J. & F. A. R. Wharton*, on the same side, filed an elaborate brief.

Mr. Justice HANDY delivered the opinion of the court.

On the 14th May, 1849, the estate of Perry Cohea, deceased, was declared insolvent in the probate court of Hinds county, and publication was required to be made for six months, notifying all persons having claims against the estate to present them to the commissioner on or before the third Monday of November, 1849. At the December term, 1849, the time for presenting claims was ordered to be extended until the second Monday of January, 1850, which was the 14th day of that month. On the 15th day of January, the appellants, Robertson and Lane, presented their claims, and at April term, 1850, the commissioner returned his report, allowing them, and publication for four weeks was ordered and made, notifying all persons interested that it would be confirmed, unless excepted to on or before the second Monday of May, 1850. At that term exceptions were filed in behalf of the Agricultural Bank, whose claim had been allowed, against the claims of Robertson and Lane, mainly because they had not been presented in due time to the commissioner. At June term, 1850, Robertson and Lane appeared and contested the exceptions to their claims, and tendered exceptions to the claim of the Agricultural Bank; but the court refused to permit the exceptions to be filed, and sustained the exceptions filed by the Agricultural Bank and confirmed the commissioners' amended report, disallowing the

claims of Robertson and Lane, who thereupon filed bills of exceptions and took this appeal.

This is a contest between creditors of an insolvent estate, who have all treated it as having been regularly declared insolvent, and, therefore, we can look only to the proceedings subsequent to the insolvency.

The most important exception urged against the action of the court below is, that notice to claimants to present their claims was not given according to law, and in conformity to the order of the court; that the publication in the newspaper, as shown by the record, was not for six months, as required by the order, but was from 25th May to 16th November, and that no notice is shown by the record to have been posted at the court house door; that, therefore, the claims of the appellants were not affected by the publication.

It appears by the record, that although the six months had not transpired on the third Monday of November, yet that further time was allowed for the presentation of claims until the second Monday of January, by which time more than six months had elapsed, and ample opportunity was allowed the appellants to present their claims. When their claims were presented and contested, they raised no objection whatever to the regularity of the notice; and by their appearance under the notice as claimants, they must be considered as waiving any objection to it on the ground of irregularity. And in the bills of exception taken by them to the decision of the court rejecting their claims, they make no point upon the regularity of the notice, nor do they set forth the evidence upon which the court acted. Under such circumstances, they will be held to have waived any objection on account of the notice, and the presumption of law must prevail that the judgment of the court is correct.

Another objection urged is to the refusal of the court to sustain the appellant's exception to the claim in the name of the Agricultural Bank, on the ground that the charter of that bank had been taken away.

It appears by the judgment on which this claim was founded, as it appears in the record, that it had been revived in the name

of Elijah Peale, trustee of the bank, and though the name of the bank was used in the report and exceptions, the vouchers showed that it was claimed by a party capable in law of asserting it, and, for all substantial purposes, it must be regarded as the claim of Elijah Peale, trustee of the bank, for the rules of technical pleading cannot be applied in such cases.

For the same reason, we think it was not improper in the court to entertain exceptions filed nominally by that bank, but founded on the same claim, to the allowance of the claims of the appellants. This claimant had filed his claim in due season, and was competent to take any legal step in the case necessary to protect his rights.

Let the decree be affirmed.

A petition for a reargument was filed in this case by the counsel for the appellants, but it was overruled by the court.